# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONALD TERRY,**

    **Petitioner,**

    **v.**                                                  **Case No. 14-CV-321**

**MICHAEL BAENEN,**

    **Respondent.**

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND RULE 4 ORDER

    The petitioner, Ronald Terry ("Terry"), who is currently incarcerated at the Green Bay Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Accompanying his petition is a motion for leave to proceed *in forma pauperis*. (Docket # 2.) Terry has also submitted his prison account statement; however, rather than submitting one trust account statement for the 6-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2), he has submitted two statements, one from the period of May 21, 2013 until November 21, 2013 and one from the period of February 22, 2014 until March 7, 2013. (Docket # 3, Docket # 5.)

    Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Terry's affidavit and

his prison account statement, the Court find that he has insufficient assets to pay the $5.00 filing fee. Terry claims that he has no assets (Docket # 2) and his prison account statements each show a balance of $0.00 (Docket # 3, Docket # 5). Even though Terry has not submitted a statement covering December 2013 through January 2014, his trust account statement from 2013 shows average monthly deposits of $5.45 and his statement from 2014 show a zero balance. Accordingly, Terry's motion to proceed *in forma pauperis* (Docket # 2) is granted.

Having granted Terry leave to proceed *in forma pauperis*, the Court must now review his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During the initial review of habeas petitions, the Court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Terry alleges that his right to due process was violated based on certain defects relating to his arrest for a probation violation and the proceedings that culminated in the revocation of his probation. (Docket # 1.) Terry previously filed this same petition utilizing the form for pretrial habeas petitions, 28 U.S.C. § 2241. *See Terry v. Baenen*, 14-CV-161 (E.D. Wis.). Magistrate Judge Aaron E. Goodstein initially dismissed the petition, finding Terry failed to exhaust his state court remedies. (14-CV-161, Docket # 6.) Terry moved for reconsideration, asserting that he had, in fact, exhausted his state court remedies. (14-CV-161, Docket # 7.) On March 17, 2014, Judge Goodstein instructed Terry that his petition was properly brought under 28 U.S.C. § 2254 and allowed him the opportunity

to resubmit his petition on the proper form. (28 U.S.C. § 2254, Docket # 8.) Judge Goodstein informed Terry that the renewed filing would constitute a separate case, but the bar on filing second or successive habeas petitions would not bar the subsequent filing. (*Id.*)

It appears Terry's current filing is in response to Judge Goodstein's Order. Given Terry's assertion that he has exhausted his state court remedies, it does not plainly appear from the petition that Terry is not entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion, or other response to the petition.

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for leave to proceed *in forma pauperis* (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that a copy of the petitioner's petition and this Order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent is directed to serve and file an answer, motion, or other response to the petition for writ of habeas corpus, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED** that unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

4. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

5. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send copies of all filing with the court to the respondent or respondent's counsel. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the respondent or respondent's counsel.

Dated at Milwaukee, Wisconsin this 4th day of April, 2014

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge