# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

RONALD TERRY,

      Petitioner,

      v.                                                    Case No. 14-CV-321

DENISE SYMDON, Administrator,
Division of Community Corrections,

      Respondent.

---

## DECISION AND ORDER ON RESPONDENT'S MOTION TO DISMISS

---

The petitioner, Ronald Terry ("Terry"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Habeas Petition, Docket # 1.) Terry challenges his custody under a probation revocation decision issued by an administrative law judge of the Wisconsin Division of Hearings and Appeals. (Exhibits to Habeas Petition, Docket # 1 at 48-53.) The Court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By Order dated April 4, 2014, the Court determined that it did not plainly appear that Terry is not entitled to relief in the district court and ordered the respondent to file a response to the petition. (Rule 4 Order, Docket # 7.) On June 27, 2014, the respondent filed a motion to dismiss the petition for procedural default. (Motion to Dismiss, Docket # 13.) The parties have briefed the motion to dismiss and the motion is ready for disposition. For the reasons stated below, the respondent's motion to dismiss will be granted.

## FACTUAL BACKGROUND

Terry was convicted on November 24, 2010 of Burglary-Building or Dwelling (Attempt). (Docket # 1 at 50.) On January 5, 2011, the court withheld the sentence and placed him on

probation for three years and 45 days. (*Id.*) On September 20, 2012, Terry's probation was revoked. (*Id.* at 53.) Terry appealed the Administrative Law Judge's ("ALJ") decision and the Wisconsin Division of Hearings and Appeals ("WDHA") affirmed the ALJ's decision on October 17, 2012. (*Id.* at 54-55.) On November 15, 2012, Terry filed a petition for writ of certiorari in the Kenosha County Circuit Court, challenging the WDHA's decision. (Exhibits to Motion to Dismiss, Docket # 13-2 at 1-36.) On November 26, 2012, Terry filed a proposed writ and order waiving payment of fees and costs. (*Id.* at 37-60.) On February 7, 2013, Terry was sentenced to two years of initial confinement with credit for 284 days served and two years of extended supervision. (Docket # 1 at 57.) Although Terry's petition for writ of certiorari was filed on November 15, 2012, Terry was informed by Kenosha County Circuit Court Judge Bruce E. Schroeder by letter dated February 25, 2013 that a civil file had not been created and the writ had not been distributed to Terry and the respondent. (Petitioner's Reply Br. at 9, Docket # 14.) Judge Schroeder informed Terry that a civil file for his writ of certiorari would be created and the materials distributed as required. (*Id.*) Terry's petition for writ of certiorari was docketed as Kenosha County Case No. 2013CV357. (Docket # 13-2 at 1-36.)

On June 26, 2013, the circuit court denied Terry's petition. (*Id.* at 77-78.) Terry filed a notice of appeal to the Wisconsin Court of Appeals which commenced *State ex rel. Ronald Terry v. David H. Schwartz*, Appeal No. 2013AP1885. (*Id.* at 85, 88.) On November 25, 2013, the Wisconsin Court of Appeals issued Terry a notice of delinquency regarding his appellate brief and appendix. (*Id.* at 96.) The notice stated that "unless within five days of the date of this order, the Brief & Appx of Appellant(s) is served or filed or an extension is requested under Rule 809.14, with good cause shown why the brief has not been timely filed, the appeal in the above matter will be dismissed under Rule 809.83(2)." (*Id.*) Terry did not file his brief and appendix in compliance with the court of

appeal's order, and his appeal was dismissed on December 12, 2013. (*Id.* at 97.) On December 20, 2013, Terry filed a motion to reinstate his appeal (*id.* at 98-102), which was denied on December 26, 2013 (*id.* at 103). Terry did not petition the Wisconsin Supreme Court to review the court of appeals' orders. (*Id.* at 93-95.) On January 23, 2014, the court of appeals issued a remittitur. (*Id.* at 104.)

On February 14, 2014, Terry filed a petition challenging his probation revocation utilizing the form for pretrial habeas petitions, 28 U.S.C. § 2241, in *Terry v. Baenen*, 14-CV-161 (E.D. Wis.). Magistrate Judge Aaron E. Goodstein initially dismissed the petition, finding Terry failed to exhaust his state court remedies. (14-CV-161, Docket # 6.) Terry moved for reconsideration, asserting that he had, in fact, exhausted his state court remedies. (14-CV-161, Docket # 7.) On March 17, 2014, Judge Goodstein instructed Terry that his petition was properly brought under 28 U.S.C. § 2254 and allowed him the opportunity to resubmit his petition on the proper form. (Docket # 8.) Judge Goodstein informed Terry that the renewed filing would constitute a separate case, but the bar on filing second or successive habeas petitions would not bar the subsequent filing. (*Id.*) On March 24, 2014, Terry resubmitted his petition on the proper form, and the new case was assigned to this Court.

Terry asserts four grounds for relief relating to his probation revocation: (1) "the unconstitutional arrest of [petitioner] for a P.O. hold violated [petitioner's] equal rights to due process of law," (2) "the second arrest of [petitioner] failed to obtain a second order to detain void the revocation proceeding," (3) "the continuation of the hearing to July 12 and July 26 violated [petitioner's] rights to due process of law," and (4) "[petitioner's] due process was violated when he was not afforded a neutral and detached decision maker at his revocation hearing." (Docket # 1 at 12-89.) The respondent has moved to dismiss Terry's petition on the grounds that Terry procedurally defaulted his federal claims, thus precluding federal habeas review. (Docket # 13.)

## ANALYSIS

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). With some exceptions, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Also, the petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2001).

If state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state court review or for taking an appeal, those remedies are technically exhausted; however, exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

A claim can also be procedurally defaulted when a state court does not reach a federal issue because of a state procedural bar. *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir. 1998). In order to conclude that a petitioner has procedurally defaulted a claim due to an adequate and independent

state ground, this Court "must be convinced that the last state court to consider the question actually relied" on a procedural ground "as the basis for its decision." *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000) (internal citations omitted). The state court's reliance on a procedural rule therefore must be explicit. *See id.* Furthermore, to be an adequate ground of decision, the state's procedural rule must be "firmly established and regularly followed," applied in a "consistent and principled way," and the petitioner must be deemed to have been fairly apprised of its existence at the time he acted. *Id.* (internal quotations and citations omitted). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default or he can establish that the denial of relief will result in a miscarriage of justice. *Lewis*, 390 F.3d at 1026 (citing *Wainwright v. Sykes*, 433 U.S. 72, 86–87 (1977)).

Terry seems to argue that this Court previously found in its Rule 4 Order that he exhausted his state court remedies. (Petitioner's Resp. Br. at 3, Docket # 14.) Terry misunderstands the Court's finding. During the initial review of habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. In reviewing a petition under this standard, the Court must accept as true the petitioner's allegations, *Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000 ) (citing *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740(1976)), and construe the pleading in the light most favorable to the petitioner and resolve all doubts in the petitioner's favor, *id.* (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). As to ground one of his petition, Terry alleged "N-A" to the question "If you did not exhaust your state remedies on Ground One, explain why." (Docket # 1 at 7.) The Court construed this response as

an allegation that Terry did exhaust his state remedies.[1] Although the Court must accept as true the petitioner's allegations for purposes of deciding whether to order the respondent to respond, this is not a determination of whether the petitioner has in fact exhausted his state remedies. Procedural default is an affirmative defense, *see Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013), that can be raised by motion in response to the habeas petition, *see* Rules 4 and 5 of the Rules Governing Section 2254 Cases.

In this case, the respondent has responded by raising procedural default. I agree. Terry has procedurally defaulted his federal claims because the Wisconsin Court of Appeals disposed of his claims on an adequate and independent state law ground. Wis. Stat. § 809.83(2) provides that failure to comply with the requirements of the rules is grounds for dismissal of the appeal. The Wisconsin Court of Appeals explicitly stated that it was dismissing Terry's appeal pursuant to Wis. Stat. § 809.83(2) for failure to file a brief and appendix as required by Wis. Stat. § 809.19. (Docket # 13-2 at 97.) Prior to dismissing Terry's appeal, the court of appeals warned Terry that his appeal would be dismissed pursuant to Wis. Stat. § 809.83(2) if he failed to file his brief and appendix or a motion for extension of time showing good cause within five days of the order. (*Id.* at 96.) When Terry untimely filed a motion for extension of time to file his brief, the court of appeals denied Terry's motion and refused to reinstate his appeal, finding that Terry did not demonstrate cause "to be relieved of his delinquency." (Docket # 13-2 at 103.) The court of appeals has discretion to enlarge time or permit an act to be done after the expiration of the prescribed time. Wis. Stat. § 809.82(2).

---

[1] It should be noted that as to Grounds Two through Four, Terry seems to acknowledge that he did not exhaust these claims, writing in response to the exhaustion question that "I was denied access to the court by prison official. See attached Order." (Docket # 1 at 8-9.)

When a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules, that decision rests on independent and adequate state procedural grounds. *See Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010). Even if a state rule is discretionary, such as enlarging time to file a brief, this does not mean that it is not regularly followed and therefore inadequate. *Thompkins v. Pfister*, 698 F.3d 976, 987 n.4 (7th Cir. 2012). Discretionary state procedural rules may also constitute independent and adequate state grounds. *Id.* Thus, Terry procedurally defaulted his federal claims due to an adequate and independent state ground.[2]

To overcome procedural default, the petitioner must either demonstrate both cause for and prejudice stemming from his procedural default or be able to establish that the denial of relief will result in a miscarriage of justice. *Lewis*, 390 F.3d at 1026 (citing *Wainwright*, 433 U.S. at 86–87 (1977). To prove cause, the petitioner must show "that some type of external impediment prevented [him] from presenting his federal claim to the state courts." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). In order to establish prejudice, the petitioner must show that "the violation of [his] federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Lewis*, 390 F.3d at 1026 (citing *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). The miscarriage of justice exception requires that the petitioner

---

[2]    Terry also challenged his revocation of probation through a state habeas corpus petition in Case No. 2013IP2. (Docket # 1 at 4.) Terry unsuccessfully appealed the denial of his habeas corpus petition to the Wisconsin Court of Appeals in *State ex rel. Ronald Terry v. Jim Schwochert*, Appeal No. 2013AP899. (*Id.* at 74.) and the Wisconsin Supreme Court denied review. (*Id.* at 77.) Terry has previously argued before this Court in *Terry v. Baenen*, 14-CV-161 (E.D. Wis.) that he exhausted his state court remedies through Appeal No. 2013AP899. (Docket # 7 in 14-CV-161.) Because state habeas corpus proceedings are not available for purposes of challenging an administrative order revoking probation, *see State ex rel. Reddin v. Galster*, 215 Wis. 2d 179, 183-84, 572 N.W.2d 505, 507 (Ct. App. 1997), this appeal did not exhaust Terry's state court remedies challenging his probation revocation.

"show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) that he attributed to the state court." *Lewis*, 390 F.3d at 1026 (citing *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995)).

Terry argues that the trial court ignored his claims, as shown by Judge Schroeder's February 25, 2013 letter, and that this demonstrates cause and prejudice and a fundamental miscarriage of justice. (Docket # 14 at 4.) Terry has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Terry was not prevented from presenting his federal claims to the state court. Although Judge Schroeder acknowledged a delay in creating a civil file for his petition for writ of certiorari, the civil file was created that same day and Terry had the opportunity to be heard on his petition and Judge Schroeder ruled on it. (Docket # 13-2 at 61-67, 73-78.) Terry has not shown that any external impediment prevented him from timely filing his brief in the Wisconsin Court of Appeals. Thus, Terry has not demonstrated cause and prejudice, nor has he shown that he is "actually innocent." As such, Terry has not overcome his procedural default and his petition for a writ of habeas corpus is denied as barred by the doctrine of procedural default.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When, as here, the case is resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. Each component of the § 2253(c) showing is part of a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.*

Jurists of reason would not find it debatable that this Court's procedural ruling was correct. The Wisconsin Court of Appeals explicitly stated that it was dismissing Terry's appeal based on a firmly established state procedural rule. Thus, Terry procedurally defaulted his claims due to an adequate and independent state ground. Terry has not demonstrated both cause for and prejudice stemming from his procedural default, nor has he established that the denial of relief will result in a miscarriage of justice. As such, he cannot overcome the procedural default. As such, the Court will deny Terry a certificate of appealability. Of course, Terry retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket # 13) is **GRANTED** and the petitioner's petition for a writ of habeas corpus (Docket # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of July, 2014.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge